Douglas D. Jasa et al., plaintiffs, v. City of Omaha et al., defendants.

352 N.W.2d 913

Filed August 10, 1984.    No. 83-943.

Ephraim L. Marks, Timothy J. Cuddigan, and Steven M. Watson of Marks, Clare, Hopkins, Rauth & Cuddigan, for plaintiffs.

Herbert M. Fitle, Omaha City Attorney, James E. Fellows, and Timothy M. Kenny, for defendants.

Krivosha, C.J., Boslaugh, White, Hastings, Shanahan, and Grant, JJ., and Colwell, D.J., Retired.

Hastings, J.

This matter comes before us pursuant to Neb. Rev. Stat. § 24-219 (Cum. Supp. 1982) as three certified questions of law from the U.S. District Court for the District of Nebraska.

Plaintiffs are professional security guards employed by private businesses in Omaha, Nebraska. They claim that when they appear in Omaha Municipal Court as complaining witnesses on behalf of the state in criminal proceedings, they are denied statutory witness fees and costs. This, they allege, is pursuant to a decision of the municipal judges to exclude professional security personnel from the class of persons entitled to witness fees and costs under Neb. Rev. Stat. §§ 29-2207 (Reissue 1979), 33-139 (Cum. Supp. 1982), and 81-1848(5) (Reissue 1981).

The U.S. District Court certified the following questions to this court for decision:

(1) Whether or not the judges of the Omaha Municipal Court are required by law to assess or certify witness fees and costs for payment to professional security personnel who testify as complaining witnesses on behalf of the State of Nebraska in Omaha Municipal Court.

(2) Whether or not the City of Omaha is required to pay such fees and costs to professional security personnel, with or

without prior certification by the judges.

(3) Whether, if professional security personnel have unlawfully been denied such fees and costs, the City of Omaha would be liable for accounting and payment of previously earned but unpaid witness fees and costs.

Though class action certification has not yet been pursued, the plaintiffs make class action claims as representatives of all other professional security guards similarly situated.

At a formal meeting of the judges of the Omaha Municipal Court in August 1974, the judges adopted the policy that private security guards appearing as witnesses not be paid witness fees. During the time the policy was in effect, until January 1, 1983, the payment of witness fees was made from a separate account fund known as the Statutory Witness Fee Account. This fund was under the control, management, and administration of the municipal court. Since January 1, 1983, pursuant to the request of the municipal court, the fund was no longer in the municipal court budget, and the fees were and are now paid from and out of the general expense account of the finance department of the City of Omaha after certification by the municipal court.

When the policy of nonpayment was established, courtroom bailiffs, pursuant to the direct order of the court, were usually not allowed to permit the plaintiffs to sign the register, nor were other notations made indicating the attendance of the witness, which in effect precluded the receipt of a witness fee. In some cases the plaintiffs did register, but the bailiff would mark down that no payment would be received. One municipal judge estimated 90 percent of the security guards on private complaints were not allowed to sign the witness register. The practice continued, despite the advisement of the city legal department that nonpayment of the witness fees was contrary to law, until sometime after the filing of the complaint.

At present all subpoenaed witnesses are allowed to sign in when they make an appearance in the Omaha Municipal Court, and the court merely certifies the costs and leaves the matter of disbursement to the city finance department.

In addressing the first certified question of law, § 33-139 provides in part: "Witnesses before the district court and the

county court or municipal court . . . shall receive twenty dollars . . . for each day actually employed in attendance on the court . . . ." In *Nebraska Im-Pruv-All, Inc. v. Sass*, 197 Neb. 261, 266, 247 N.W.2d 924, 927 (1976), when interpreting this same statute, we stated: "The foregoing statute contains no exceptions to the allowance of witness fees. The language of the statute is plain and unambiguous." Although the present disputes in this case were criminal prosecutions rather than civil actions, the application of the statute is similar.

Section 29-2207 provides as follows: "In every case of conviction of any person for any felony or misdemeanor, it shall be the duty of the court or magistrate to render judgment for the costs of prosecution against the person convicted."

The language of the statutes is indeed unambiguous. The plaintiffs are not excepted, and witness fees should have been paid to them. However, the statutes do not specify whether the court or the city has the ultimate responsibility for payment of the witness fees.

Regardless of this responsibility, the system of payment was set up so that the municipal judges functioned as an integral part of the payment process. Therefore, we hold the judges are required by law to assess or certify witness fees and costs for payment to private security personnel who testify as complaining witnesses on behalf of the State of Nebraska in Omaha Municipal Court.

The second certified question asks the court to determine whether the city is required to pay such fees and costs to professional security personnel, with or without prior certification of the judges.

In criminal prosecutions in the municipal court, the suits are brought in the name of The State of Nebraska, pursuant to Neb. Const. art. V, § 24.

The specific statutory authority of a city of the metropolitan class with reference to criminal prosecution is specifically set out in Neb. Rev. Stat. § 14-102(25) (Reissue 1983), which provides:

> To make and enforce all police regulations for the good government, general welfare, health, safety, and security of the city and the citizens thereof, in addition to the police

powers expressly granted herein; and in the exercise of the police power, they may pass all needful and proper ordinances, and shall have power to impose fines, forfeitures, penalties, and imprisonment at hard labor for the violation of any ordinance, and to provide for the recovery, collection, and enforcement thereof; and in default of payment to provide for confinement in the city or county prison, workhouse, or other place of confinement with or without hard labor as may be provided by ordinance.

The clerk of the Omaha Municipal Court is an employee of the City of Omaha and has the following duties pursuant to Neb. Rev. Stat. § 26-108 (Reissue 1979), which provides in part:

The clerk shall have the same power in the municipal court, unless otherwise herein specifically provided, as the clerk of the district court in the county in which the municipal court exists, and shall keep and be custodian of the records of the court. He shall receipt and account for all fees and money received by him as such clerk . . . accompanied by a full and accurate statement of all such fees. All witness fees remaining unclaimed for ninety days after the same shall have been collected by the clerk, shall be forfeited to the city, and shall be paid to the city treasurer by the clerk, who shall report at the end of each month to the city treasurer all witness fees collected by him and in his possession.

All of the witness fees which are generated by the municipal court and collected by the clerk of the municipal court are to be paid to the city.

The payment of these fees to the city is governed by Neb. Rev. Stat. § 26-114 (Reissue 1979), which provides as follows: "All fees and charges received by the city treasurer from the clerk of the municipal court shall be placed to the credit of the general fund of the city."

There is further specific statutory authority for the City of Omaha to pay for judgments and costs. Neb. Rev. Stat. § 14-501 (Reissue 1983) provides in part:

The city council shall annually and within the first week

of January, if possible, appropriate money and credits of the city in such amounts as may be deemed necessary and proper and set the same aside to the following designated funds to be known as statutory funds: . . . (6) for the purpose of paying judgments and costs. The amounts so appropriated and set aside to such funds respectively shall be the maximum amounts that may be appropriated to or expended from such funds within the year for the purposes for which such funds respectively are created.

As mentioned before, § 33-139 stated the witnesses shall be paid for attendance in court. This section does not specifically state who must pay the witness fee. For this reason the city contends there is an absence of statutory authority to hold it liable for the unpaid witness fees. Nevertheless, § 33-139, in conjunction with the aforementioned statutes, is sufficient for us to hold that the city has the ultimate responsibility to pay for costs incurred in the prosecution · of offenders for city ordinances.

Also, as mentioned before, the municipal court judge and his certification of costs is a necessary part of the payment process. Without certification, there is no payment. However, just because certification is withheld from recognizing certain names registered on the witness list, payment should not be withheld. In conclusion, we believe the city is required to pay such fees and costs to the security personnel, with or without prior certification of the judges, provided there is otherwise competent proof of the days a witness was "actually employed in attendance on the court."

The last question is whether the city is liable for an accounting and payment of previously earned, but unpaid, witness fees and costs. The city is liable for previously unpaid witness fees and costs, but it is not required to render an accounting under Nebraska law.

Generally, in order to be entitled to the equitable remedy of accounting, it is necessary to show a fiduciary or trust relationship between the parties, or a complicated series of accounts, making the remedy at law inadequate. *Trump, Inc. v. Sapp Bros. Ford Center, Inc.*, 210 Neb. 824, 317 N.W.2d 372 (1982). In this case, where there is no fiduciary or trust

relationship, this request for an accounting would seem to be a matter of evidence where proof of attendance is needed to establish the amount of damages, rather than the situation where there is a complicated series of accounts. It is not the city's responsibility to prove the plaintiffs' claims. The complexity of the situation requires the plaintiffs to prove their own damages.

Judgment is entered accordingly.

JUDGMENT ENTERED.